Morris E. Fuller and another *vs.* John Roller and another.

December 30, 1890.

Evidence—Judgment-Roll held Inadmissible.— A judgment-roll in a former action *held* inadmissible in evidence because it contained affidavits which were not competent evidence as to the matter being tried, and because the judgment did not determine anything relative to such matter.

Action brought in the district court for Stearns county, to recover $96 and interest, alleged to be unpaid on a note of $500. Trial before E. G. Mills, Esq., as referee, who ordered judgment for defendants. A motion for a new trial was denied by *Searle*, J., and the plaintiffs appealed.

*C. F. Lamb,* for appellants.

*Hubert Hansen* and *Taylor, Calhoun & Rhodes,* for respondents.

DICKINSON, J.[1]   This action is for the recovery of a balance claimed to be unpaid, of the sum of $500, which the defendants had by their written note or contract promised to pay to the plaintiffs. The defence of payment interposed by the defendants was found to be true by the referee who tried the cause. At the trial, the defendants presented evidence to the effect that a part of the payment pleaded consisted of a certain sum paid on another note for $1,800 made by the defendant Roller, such payment being in excess of what was necessary to satisfy the latter note, and such excess being applied by agreement on the former obligation of the defendants. The question thus became material as to the amount really unpaid on the $1,800 note when such payment was made. The plaintiffs offered in evidence a judgment-roll in an action wherein John Roller was plaintiff, and Morris E. Fuller, John A. Johnson, and another were defendants. The rejection of this evidence is the error assigned on this appeal. That action was prosecuted to enjoin a foreclosure of a mortgage, which had been given to secure the $1,800 note; for an accounting and determination as to the amount due; to have the mortgaged premises sold in a particular order; and for other purposes. The judgment embraced in the judgment-roll did not involve a determination as to the amount due on the mortgage, and hence was not receivable in evidence to establish that fact. The judgment-roll, the whole of which was offered in evidence, embraced matter clearly not competent or admissible as evidence in this case, such as the affidavits of persons, not parties to the action, as to the amount unpaid on the mortgage. These reasons are sufficient, without considering others, to justify the referee in excluding the evidence.

Order affirmed.

[1] Collins, J., took no part in this decision.